J-S34040-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD SCOTT ALLISON | : | |
| | : | |
| Appellant | : | No. 148 WDA 2019 |

Appeal from the PCRA Order Entered December 28, 2018
In the Court of Common Pleas of Blair County Criminal Division at No:
CP-07-CR-0001007-2007

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: FILED SEPTEMBER 24, 2019

Appellant, Howard Scott Allison, pro se, appeals from the order of the Honorable Elizabeth A. Doyle, dated December 20, 2018, and entered in the certified record on December 28, 2018, dismissing Appellant's third petition filed under the Post Conviction Relief Act (PCRA) without a hearing.[1] For the following reasons, we hold the PCRA court had no jurisdiction to address Appellant's petition on the merits. Accordingly, we affirm but on other grounds.

After a jury trial, on April 17, 2008, Appellant was found guilty of rape of a person less than 13 years old, statutory sexual assault, and corruption of minors.[2] Appellant was sentenced on November 6, 2008 to an aggregate

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3121 (c), 3122, and 6301, respectively.

* Retired Senior Judge assigned to the Superior Court.

sentence of 12½ to 25 years' incarceration. On direct appeal, this Court affirmed his judgment of sentence. Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Appellant filed a timely first petition pursuant to the PCRA in 2011. The PCRA court denied relief and, on appeal, this Court affirmed the denial of relief. Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied in 2013.

Appellant filed a second petition pursuant to the PCRA on October 23, 2017, which was denied by the PCRA court. Appellant filed an appeal, and this Court affirmed the PCRA court's order on August 9, 2018. On September 6, 2018, Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court. While that appeal was pending, Appellant filed this third, pro se, PCRA petition on November 26, 2018. The PCRA court issued an opinion and order dismissing Appellant's petition. The PCRA court dated the opinion and order December 20, 2018, but the opinion and order were not entered in the certified record and on the certified docket nor mailed to Appellant until December 28, 2018.[3] Appellant filed a timely notice of appeal.

_____

[3] We note that the PCRA court did not file the proper notice pursuant to Pa.R.A.P. 907, however, according to Commonwealth v. Zeigler, 148 A.3d 849 (Pa. Super. 2016), where a petition is patently untimely, this is not reversible error. Additionally, Appellant waived on appeal any defect in notice provided to him by the postconviction court, as required by the rule governing disposition of a motion for postconviction collateral relief without a hearing, where he did not raise the issue on appeal. Id.

The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal in his second PCRA on February 21, 2019.

Appellant raises the following issues on appeal:

1. Was the PCRA Court in legal error by claiming that petitioner's "new fact" claim under 42 Pa.C.S. § 9545(b)(1)(ii) did not satisfy the time bar exception requirement to the PCRA's one year time bar?

2. Was the PCRA Court in legal error by claiming that the "new fact" press release statements in question constitute new law?

3. Was the PCRA Court in legal error by not finding the Pennsylvania Supreme Court ruling in Comm. v. Chmiel, (2017) to be the controlling case law in determining if petitioner met the "new fact" time bar exception under 9545(b)(1)(ii)?

Appellant's brief at 5 (emphasis omitted) (suggested answers omitted).[4]

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." Commonwealth v. Medina, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting Commonwealth v. Brown, 196 A.3d 130, 150 (Pa. 2018)), reargument denied (July 17, 2019).

_____

[4] On July 30, 2019, this Court issued a memorandum and Order remanding to the PCRA court with directions to clarify the status of Appellant's representation. A review of the certified record revealed a motion to withdraw as counsel was filed by Attorney Paul Puskar, however there appeared no letter of appointment. The PCRA court responded on August 12, 2019, informing this Court that Appellant did not request court appointed counsel and confirming there is no order appointing counsel to represent Appellant in the certified record. The PCRA court further determined that Appellant was not entitled to court appointed counsel in the first place because this was an untimely third PCRA petition. The PCRA court confirmed that Appellant is proceeding pro se in the current appeal. We note that Appellant filed a pro se "Reply to the Order of the Blair County Court, dated 12 August, 2019," on August 22, 2019.

Before addressing the merits of the appeal, we must first address whether this Court has jurisdiction to hear this appeal. "Preliminarily, Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal." Commonwealth v. Beatty, 207 A.3d 957, 961 (Pa. Super. 2019) (citations omitted). "When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000). See also Commonwealth v. Montgomery, 181 A.3d 359, 364 (Pa. Super.) (en banc), appeal denied, 190 A.3d 1134 (Pa. 2018) (reaffirming that Lark precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending.)

> A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, i.e., file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." Commonwealth v. Zeigler, 148 A.3d 849, 852 (Pa. Super. 2016).

Beatty, 207 A.3d at 961 (emphasis in original).

Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court in his second PCRA on September 6, 2018. The record is clear that Appellant's second PCRA appeal was still pending before our Supreme

Court at the time he filed the present PCRA petition on November 26, 2018. Additionally, Appellant's second PCRA appeal was still pending before our Supreme Court at the time the PCRA court entered its order in this present appeal on December 28, 2018. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal in his second PCRA on February 21, 2019. The law is well established that the pendency of the second PCRA appeal precluded the PCRA court from establishing any jurisdiction over the subsequent petition for PCRA relief. Lark, 746 A.2d at 588. As soon as Appellant decided to exhaust the appeal from the denial of his second PCRA petition, the PCRA court was required to dismiss any serial PCRA petition that Appellant filed during the pendency of the appeal. See Beatty, 207 A.3d at 963. The court should have dismissed this third petition outright under Lark, when Appellant initially filed it during the appeal from the denial of his prior PCRA petition. Id. at 964. Accordingly, we affirm the denial of relief on Appellant's current petition, albeit on other grounds. See Id.; See also Commonwealth v. Reese, 31 A.3d 708, 727 (Pa. Super. 2011) (en banc) (stating appellate court may affirm on any basis as long as the ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2019